UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL SKIDMORE,<br><br>    Petitioner,<br><br>    v.<br><br>JOE LIZARRAGA,<br><br>    Respondent. | Case No. 14-cv-04222-JSC<br><br>**ORDER GRANTING PETITIONER'S MOTION TO STAY**<br><br>Re: Dkt. No. 4 |

Petitioner, a prisoner of the State of California, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254. The petition sets forth seven claims challenging the constitutionality of petitioner's conviction in state court. He claims: (1) ineffective assistance of trial counsel in failing to adequately investigate and challenge the DNA evidence; (2) ineffective assistance of trial counsel in failing to investigate and present evidence that one of the minor victims had denied that any abuse had occurred; (3) ineffective assistance of trial counsel in failing to seek to exclude the testimony concerning petitioner's prior conviction; (4) ineffective assistance of trial counsel in failing to investigate the factual and legal issues in the case; (5) ineffective assistance of trial counsel in failing to object to the introduction of unreliable and unduly prejudicial evidence; (6) petitioner's sentence is cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution; and (7) the cumulative errors in petitioner's case warrant relief. (Dkt. No. 1 at 25:1-35:23.)

The petition presents "mixed" claims; that is, claims that are exhausted and three claims that are unexhausted. The fourth, fifth, and seventh claims above are unexhausted, but are the subject of a petition currently pending before the California Supreme Court. (Dkt. No. 1 at 14:18-22; Dkt. No. 1-17.) Petitioner has filed a motion for a stay of this petition while he exhausts these

claims. (Dkt. No. 4.)

A district court may stay a mixed habeas petition to allow the petitioner to exhaust state court remedies as to those claims that have not yet been presented to the state's highest court. *See Rhines v. Webber*, 544 U.S. 269, 277–78 (2005). In *Rhines*, the Supreme Court discussed the stay-and-abeyance procedure, explaining that a stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. *Id*. If the stay is granted, the petitioner does not have to worry that his newly-exhausted claims will be barred by the statute of limitations because those claims remain pending in federal court. *King v. Ryan*, 564 F.3d 1133, 1139, 1140 (9th Cir. 2009).

Petitioner's claims, when liberally construed, state a cognizable claim for relief. As such, he has shown that they are "potentially meritorious" within the meaning of *Rhines*. Petitioner has shown cause for his failure to exhaust these claims prior to arriving in federal court; namely, prior habeas counsel's ineffective assistance of counsel and abandonment. Further, Petitioner alleges that he has diligently pursued these claims since their discovery in October 2013 and his retention of new counsel in June 2014.

Good cause shown, petitioner's request for a stay of these federal habeas proceedings while his petition before the California Supreme Court is adjudicated is GRANTED. Accordingly, the Court ORDERS as follows:

1. The Clerk is instructed to ADMINISTRATIVELY CLOSE the case;

2. Petitioner is DIRECTED to file a status report every ninety (90) days advising the Court of his status in California Supreme Court;

3. Petitioner is DIRECTED to file a motion to reopen this case and lift the stay within thirty (30) days of exhaustion in state court of his unexhausted claims.

**IT IS SO ORDERED**.

Dated: October 20, 2014

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge