# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| CARL SKIDMORE,<br><br>   Petitioner,<br><br>  v.<br><br>JOE LIZARRAGA,<br><br>   Respondent. | Case No. 14-cv-04222-BLF<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>[Re: ECF 16] |

Carl Skidmore filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking post-conviction relief. Respondent moved to dismiss the petition on the basis that it was time-barred. The motion came on for hearing on January 21, 2016. For the reasons stated on the record and below, Respondent's motion is GRANTED with leave to amend.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Petitioner acknowledges that the one-year period began to run on the day that his conviction became final—that is, on February 10, 2010.[1] By his calculation, he therefore had until February 10, 2011 (*i.e.*, one year later) to file a habeas petition in federal court. This petition was filed on September 18, 2014, well after the AEDPA statute of limitations had run. Petitioner contends, however, that he is entitled to equitable tolling of the limitations period.

The Supreme Court in *Holland v. Florida* explained that "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that

---

[1] By the Court's calculation, Petitioner's conviction became final on February 8, 2010, ninety days after the California Supreme Court issued its ruling on November 10, 2009. The parties have offered alternative dates within four days of the Court's calculation; however, this disparity is not dispositive of any issues presented.

some extraordinary circumstance stood in his way' and prevented timely filing." 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (emphasis omitted)). The petitioner bears the burden to show that he is entitled to equitable tolling of the limitations period by a preponderance of the evidence. *Id.*; *see also Grecu v. Evans*, No. C-07-0780, 2013 U.S. Dist. LEXIS 47800, at *18 (N.D. Cal. Apr. 2, 2013). Assuming all of Petitioner's factual allegations to be true, he has not pled sufficient facts to meet that burden.

Specifically, the Court finds that, on the papers presented, Petitioner has not shown he acted with the requisite degree of diligence sufficient under *Holland*. The Court notes two periods of minimal activity. First is the thirty-seven month period between late December 2009 when Petitioner retained habeas counsel, Angelyn Gates, and his own independent inquiry into the AEDPA limitations period in late January 2013 from a "jailhouse lawyer." *See* Opposition to Motion to Dismiss (dkt. 23) at 5. The second period is the year between learning about that statute of limitations in January 2013 and his eventual filing of a state habeas petition in January 2014. *See generally* Petition for Writ of Habeas Corpus ("Pet.," dkt.1) Ex. 1.

Petitioner alleges that he maintained contact with Gates throughout her representation, but the Court notes that much of their correspondence was of matters altogether unrelated to his habeas petition. *See generally* Pet. Ex. 1; *see also Doe v. Busby*, 661 F.3d 1001, 1013 (9th Cir. 2011) (citing *Spitsyn v. Moore*, 345 F.3d 796, 801 (9th Cir. 2003)) (explaining that district courts consider, among other things, "the frequency and nature of the attorney-client communications" in evaluating a petitioner's diligence). Here, Petitioner made no inquires with Gates regarding the status of his petition during that time. *See Schlueter v. Varner*, 384 F.3d 69, 76 (3d Cir. 2004) (holding that equitable tolling was not warranted when the petitioner "could have brought his claims in a timely fashion" had he "exercised reasonable diligence," notwithstanding the shortcomings of his habeas counsel). Furthermore, the petition also fails to allege sufficient facts to support the requisite degree of diligence in filing the petition after Gates was fired. Hiring a paralegal and an advice-only attorney do not substitute for Petitioner's own *pro se* obligation to diligently pursue his claim. *Fue v. Biter*, No. 12–55307, 2016 WL 192000, at *2 (9th Cir. Jan. 15, 2016) (citing *Diaz v. Kelly*, 515 F.3d 149, 155 (2d Cir. 2008)) ("[R]easonable diligence requires

action on the part of the petitioner—including one appearing *pro se*."). The Court finds that Petitioner's allegations regarding his activity over these periods are insufficient to establish diligence.

Likewise, the allegations do not establish "extraordinary circumstances" warranting equitable tolling of the limitations period. Petitioner alleges that Gates misled him to believe she was actively pursuing filing a habeas petition on his behalf, but that in fact, she abandoned him over the course of the representation. Pet. at 15. The Court notes, however, that none of the proffered exhibits, including his own declaration, attests to that position. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully."). To the contrary, the delay of three years after retaining Gates to inquire as to the filing of his habeas petition lends support to the more plausible circumstance that Petitioner agreed with Gates' strategy to pursue a claim of actual innocence, for which the AEDPA limitations period did not apply. *See Malcom v. Payne*, 281 F.3d 951, 962 (9th Cir. 2002) (concluding that equitable tolling was unavailable where the petitioner assented to her lawyer's strategic decision to file a petition for clemency, rather than pursue a timely federal habeas petition). Accordingly, Petitioner has not shown the existence of extraordinary circumstances under *Holland*.

For the foregoing reasons, the Court finds that Petitioner fails to set forth a sufficient claim to equitable tolling. Respondent's motion to dismiss the petition is therefore GRANTED. At the motion hearing, Petitioner requested the opportunity to address these and other of the Court's concerns in an amended petition. Petitioner is given leave to file an amended petition addressing the deficiencies discussed above. Any amended petition shall be filed no later than May 20, 2016.

Dated: January 28, 2016

_____
BETH LABSON FREEMAN
United States District Judge