UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARL SKIDMORE,<br>　　　Petitioner,<br>　v.<br>JOE LIZARRAGA, Warden of California State Prison at Mule Creek,<br>　　　Respondent. | Case No. 14-cv-04222-BLF<br><br>**ORDER RE PETITIONER'S AMENDED MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e)**<br><br>[Re: ECF 98] |

Before the Court is Petitioner Carl Skidmore's amended motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) ("amended Rule 59(e) motion"), which was filed on September 19, 2019. *See* Amended Rule 59(e) Motion, ECF 98. Briefing on the motion was completed on October 7, 2019. *See* Opposition, ECF 99; Reply, ECF 100. The amended Rule 59(e) motion was not noticed for hearing, and the Court finds it suitable for decision without oral argument. *See* Civ. L.R. 7-1(b).

The amended Rule 59(e) motion is DENIED to the extent Petitioner seeks to alter or amend the judgment in favor of Respondent. The motion is GRANTED IN PART to correct certain errors in the underlying order identified by Petitioner.

**I.　BACKGROUND**

Petitioner Carl Skidmore, a state prisoner represented by counsel, is serving a sentence of 307 years to life in prison following his conviction of rape, sexual assault, and molestation of his two stepdaughters. On March 18, 2019, this Court issued an order denying Petitioner's amended petition for writ of habeas corpus under 28 U.S.C. § 2254 and motion for evidentiary hearing ("Denial Order"). *See* Denial Order, ECF 78. The Court entered judgment for Respondent on the same date. *See* Judgment, ECF 79.

Petitioner filed a Rule 59(e) motion on April 4, 2019. *See* Rule 59(e) Motion, ECF 80. On June 8, 2019, after briefing was completed, Petitioner filed a motion to amend his Rule 59(e) motion. *See* Motion to Amend, ECF 88. However, Petitioner withdrew his motion to amend after Respondent filed opposition. *See* Notice of Withdrawal of Motion, ECF 90.

Petitioner filed second motion to amend his Rule 59(e) motion on June 27, 2019. *See* Motion to Amend, ECF 91. The Court granted Petitioner's request to extend the briefing schedule, and briefing was completed on August 15, 2019. *See* Order Granting Extension, ECF 95; Reply, ECF 96. The Court granted Petitioner's second motion to amend his Rule 59(e) motion on September 16, 2019. *See* Order Granting Leave to Amend Motion, ECF 97.

Petitioner filed the current amended Rule 59(e) motion on September 19, 2019. *See* Amended Rule 59(e) Motion, ECF 98. Respondent filed an opposition on October 2, 2019, and Petitioner filed a reply on October 7, 2019. *See* Opposition, ECF 99; Reply, ECF 100.

## II. LEGAL STANDARD

A habeas petitioner may seek to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e). *See Rishor v. Ferguson*, 822 F.3d 482, 492 (9th Cir. 2016). Relief under Rule 59(e) "is an 'extraordinary remedy' usually available only when (1) the court committed manifest errors of law or fact, (2) the court is presented with newly discovered or previously unavailable evidence, (3) the decision was manifestly unjust, or (4) there is an intervening change in the controlling law." *Id.* at 491-92 (internal quotation marks and citations omitted). "[A] Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.* at 492 (internal quotation marks and citation omitted). A district court has "considerable discretion" in deciding a Rule 59(e) motion. *Id.*

## III. DISCUSSION

Petitioner does not expressly identify which of the four possible grounds identified above entitle him to relief, but he appears to request relief under ground (1), as he asserts that the Court's Denial Order contains several legal and factual errors. *First*, Petitioner argues that the Court erred in declining to consider new evidence submitted with his traverse when adjudicating Claims 1, 2,

3, and 6. *Second*, Petitioner contends that the Court erred in denying Claim 4 based in part on determinations that certain of Petitioner's arguments proffered in support of that claim were speculative. *Third*, Petitioner contends that the Court erred in denying Claim 4 based on determinations that trial counsel's actions were strategic choices. *Fourth*, Petitioner argues that the Court erred in crediting the state appellate court's erroneous finding that Petitioner was found guilty of soliciting murder and bribery. *Fifth*, Petitioner contends that the Court erred in denying a certificate of appealability as to: (a) its finding that *de novo* review of Claim 7 did not required *de novo* review of all claims; (b) denial of Claims 1, 2, 3, and 6; (c) denial of Claim 4; and (d) denial of discovery and/or an evidentiary hearing. *Sixth*, Petitioner asserts that the Court erred in finding that he failed to submit a signed copy of his declaration.

Respondent argues that Petitioner has failed to demonstrate any error by the Court, with the possible exception of the Court's statement regarding Petitioner's declaration. Respondent argues that the Court's statement that the declaration Petitioner submitted with his traverse was unsigned was correct, and that the Court may have disregarded the signed declaration Petitioner submitted after the fact. Respondent argues that even if the Court erred in failing to recognize that Petitioner later submitted a signed declaration, such error had no effect because the Court expressly accepted Petitioner's declaration based on an assumption that Petitioner could submit a signed and dated declaration after the fact.

The Court takes up each of the errors asserted by Petitioner in turn.

### A. New Evidence Submitted with Traverse

Petitioner contends that the Court erred in declining to consider new evidence that Petitioner submitted as Exhibits 44-52 to his traverse ("Traverse Exhibits"). The Traverse Exhibits were not presented to the California Supreme Court or submitted to this Court with the amended habeas petition. *See* Denial Order at 11, ECF 78. Respondent objected to the Court's consideration of the Traverse Exhibits in connection with any of Petitioner's claims. *See id.* at 11-12. The Court sustained the objection with respect to Claims 1, 2, 3, and 6, as those claims were denied on the merits and thus review was limited to the state court record pursuant to 28 U.S.C. § 2254(d) and *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). *See* Denial Order at 11-12, ECF 78.

This Court properly limited its § 2254(d) review of Claims 1, 2, 3, and 6 to the state court record, because the California Supreme Court's summary denial of those claims constituted an adjudication on the merits. *See Harrington v. Richter*, 562 U.S. 86, 98 (2011). Under § 2254(d), a district court cannot grant relief on any habeas claim that was adjudicated on the merits by a state court unless that adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." In determining whether the requirements of § 2254(d) are met, a district court is limited to the state court record. *See Pinholster*, 563 U.S. at 181. If the district court determines that the petitioner has satisfied § 2254(d) based only on the evidence that was before the state court, the district court then must evaluate the claim *de novo*, and may consider evidence presented for the first time in federal court. *See Ayala v. Chappell*, 829 F.3d 1081, 1094 (9th Cir. 2016).

Petitioner does not argue that the Court erred in limiting its § 2254(d) review of Claims 1, 2, 3, and 6 to the state court record. However, Petitioner contends that this Court applied the wrong legal standard in conducting the § 2254(d) review, and that had it applied the correct legal standard the Court would have found the requirements of § 2254(d) satisfied as to those claims. Petitioner asks the Court to amend its ruling to reflect that the California Supreme Court's denial of relief on Claims 1, 2, 3, and 6 involved an unreasonable application of clearly established federal law, and then to conduct a *de novo* evaluation of those claims. Petitioner points out that the Traverse Exhibits properly could be considered on *de novo* review.

Petitioner's contention that the Court applied the wrong legal standard turns on the nature of the California Supreme Court's collateral review process, which was summarized in a footnote in *Pinholster*:

> Under California law, the California Supreme Court's summary denial of a habeas petition on the merits reflects that court's determination that "the claims made in th[e] petition do not state a prima facie case entitling the petitioner to relief." *In re Clark*, 5 Cal. 4th 750, 770, 21 Cal. Rptr. 2d 509, 855 P.2d 729, 741-742 (1993). It appears that the court generally assumes the allegations in the petition to be true, but does not accept wholly conclusory allegations, *People v. Duvall*, 9 Cal. 4th 464, 474, 37 Cal. Rptr. 2d 259, 886 P.2d 1252, 1258 (1995), and will also "review

4

the record of the trial . . . to assess the merits of the petitioner's claims," *Clark*, *supra*, at 770, 21 Cal. Rptr. 2d 509, 855 P.2d, at 742.

*Pinholster*, 563 U.S. at 188 n.12. Petitioner argues that when a federal district court reviews a summary denial issued pursuant to this process, the district court must expressly address the reasonableness of the state court's finding that the petitioner failed to state a *prima facie* case. According to Petitioner, it was error for this Court instead to frame the inquiry in the following terms: "[T]his Court's task is to determine, based on the state court record, what arguments or theories could have supported the denial of Claim 1 and whether fairminded jurists could disagree as to whether those arguments or theories constitute an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984)." Amended Rule 59(e) Motion at 6 (quoting Denial Order at 15), ECF 98.

Petitioner has not cited any authority holding that it is error for a federal district court to review the state court's summary denial of a habeas petition without expressly recognizing that the denial was based on failure to state a *prima facie* case.[1] This Court applied the legal standard articulated by the United States Supreme Court in *Richter*, 562 U.S. 86, and later recited in *Pinholster*, 563 U.S. 170. Both *Richter* and *Pinholster* involved review of the California Supreme Court's summary denial of habeas claims. *See Pinholster*, 563 U.S. at 187-88; *Richter*, 562 U.S. at 98. In each case, the United States Supreme Court held that the denial constituted a decision on the merits for purposes of § 2254(d), and that the federal habeas petitioner could "satisfy the 'unreasonable application' prong of § 2254(d)(1) only by showing that 'there was no reasonable basis' for the California Supreme Court's decision." *Pinholster*, 563 U.S. at 188 (quoting *Richter*, 562 U.S. at 98). In applying this standard, the federal court "must determine what arguments or theories . . . could have supporte[d] the state court's decision; and then it must ask whether it is

---

[1] The Court notes that while Claims 1, 2, and 3 were raised in a habeas petition filed in the California Supreme Court and denied summarily pursuant to the collateral review process described above, *i.e.*, for failure to state a *prima facie* case, Claim 6 was raised in a petition for review of the California Court of Appeal's reasoned decision affirming Petitioner's conviction on direct appeal. *See* Denial Order at 12, ECF 78. It does not appear that Petitioner's arguments centered on California's collateral review process would apply to Claim 6, which was denied in the direct appeal process. This Court need not address that potential distinction here, however, as Petitioner's arguments are not well-taken.

5

possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court.'" *Id.* (quoting *Richter*, 562 U.S. at 102). As noted above, this Court closely tracked this language in framing its review of the California Supreme Court's summary denial of Claims 1, 2, and 3. *See* Denial Order at 15 ("[T]his Court's task is to determine, based on the state court record, what arguments or theories could have supported the denial of Claim 1 and whether fairminded jurists could disagree as to whether those arguments or theories constitute an unreasonable application of *Strickland*." (citing *Richter*, 562 U.S. at 102)).

The phrase "*prima facie* case" was not mentioned in *Richter*, and in *Pinholster* it was relegated to a footnote. Neither opinion suggested that a district court's evaluation of a habeas claim under § 2254(d) must be framed in the manner asserted by Petitioner. Petitioner argues in his reply brief that *Richter* and *Pinholster* did not require an express determination whether the petitioner had stated a *prima facie* case because the California Supreme Court obtained informal briefing before issuing its summary denials in those cases. *See* Reply at 2, ECF 100. Neither *Richter* nor *Pinholster* discussed California's informal briefing process or suggested that informal briefing affected the § 2254(d) inquiry. To the contrary, in *Pinholster* the United States Supreme Court recognized that the summary denial at issue constituted a determination by the California Supreme Court that petitioner's allegations, viewed in light of the trial record, did not state a *prima facie* case. *See Pinholster*, 563 U.S. at 188 n.12. This Court therefore concludes that it did not err in applying the standard articulated in *Richter* and *Pinholster*.

Petitioner cites *Sully v. Ayers*, 725 F.3d 1057 (9th Cir. 2013), in support of his position. In *Sully*, the bulk of the petitioner's federal habeas claims were exhausted in a state habeas petition filed in the California Supreme Court and denied summarily. *See id.* at 1066-67. The district court denied Sully's request for an evidentiary hearing and denied his federal habeas petition. *See id.* The Ninth Circuit affirmed, finding that the district court had not abused its discretion in denying an evidentiary hearing and that Sully had "failed to establish that the California Supreme Court's decision denying his claims necessarily involved an unreasonable application of clearly established federal law" pursuant to § 2254(d). *Id.* at 1068, 1075-76. In reviewing Sully's claims that had been summarily denied by the California Supreme Court on collateral review, the Ninth

Circuit applied the legal standard articulated in *Richter* and *Pinholster* – the same standard applied by this Court to Petitioner's claims. *See id.* at 1067-1074. The Ninth Circuit did not mention the phrase "*prima facie* case" in *Sully*, except in a footnote explaining that the California Supreme Court's summary denial of a habeas petition constitutes a denial on the merits. *See id.* at 1067 & n.4.

Petitioner argues that his position is supported by language in *Sully* indicating that the district court must consider "what arguments or theories actually supported the state court's decision." *Sully*, 725 F.3d at 1075 n.6. According to Petitioner, this language indicates that the proper standard of review requires an explicit finding regarding the reasonableness of the California Supreme Court's determination that Petitioner did not state a *prima facie* case. Petitioner's reliance on the quoted language is misplaced. In the cited passage, the *Sully* court drew a distinction between those claims that were summarily denied by the California Supreme Court on collateral review and a single claim that was denied by the California Supreme Court in a reasoned opinion affirming Sully's conviction and sentence on direct appeal. *See id.* With respect to the latter claim as to which the California Supreme Court issued a reasoned opinion, the Ninth Circuit held that "*unlike with the court's summary denial*, we consider for the purposes of § 2254(d) what arguments or theories actually supported the state court's decision, and ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court." *Id*. (internal quotation marks, citation, and alternation omitted, emphasis added). The Ninth Circuit's discussion of the standard of review applicable to a reasoned opinion of the California Supreme Court on direct appeal does not advance Petitioner's argument regarding the standard of review applicable to a summary denial of the California Supreme Court on collateral review.

Some Ninth Circuit and district court decisions have expressly recognized that the California Supreme Court's summary denial of a habeas petition represents a determination that the petitioner has not stated a *prima facie* case, and have framed the § 2254(d) inquiry in those terms. *See, e.g., Burt v. Yarborough*, 313 F. App'x 23, 23 (9th Cir. 2008) ("We review under the Antiterrorism and Effective Death Penalty Act ('AEDPA') the state court's determination that

Burt failed to make a *prima facie* showing of prejudice on his ineffectiveness claim."); *Dixon v. Yates*, No. 2:10-cv-0631 JAM ACP, 2016 WL 1183588, at *9 (E.D. Cal. Mar. 28, 2016) ("When a state court denies a claim for failing to state a *prima facie* case, the absence of a *prima facie* case is the determination that must be reviewed for reasonableness under § 2254(d)."). However, numerous other decisions have framed the § 2254(d) inquiry in more general terms, as did this Court. *See, e.g., Livaditis v. Davis*, 933 F.3d 1036, 1045-46 (9th Cir. 2019) ("The California Supreme Court denied Livaditis's petition summarily. Because it did not discuss its reasons for denying the claims of ineffective assistance of counsel, the question before us becomes 'whether there is any reasonable argument' that could have supported that decision under the deferential standard that applies in this context."); *Nguyen v. Adams*, 445 F. App'x 963, 965-66 (9th Cir. 2011) ("Where, as here, the state court issues a summary denial on the merits, federal courts must attempt to deduce any reasonable basis for the state court's decision."); *Vivano v. Lizarraga*, No. 3:18-CV-00028-WHO, 2019 WL 2191343, at *12 (N.D. Cal. May 20, 2019) ("Vivano raised this claim to the California Supreme Court in his habeas petition, which the court summarily denied. . . . Accordingly, to succeed on this claim Vivano must show 'there was no reasonable basis for the state court to deny relief.'"). None of these decisions suggests that a district court applies the wrong legal standard if it does not expressly recognize that the summary denial under review constituted a finding that the petitioner had failed to state a *prima facie* case.

In conclusion, Petitioner has not demonstrated that the Court applied the wrong legal standard in evaluating Claims 1, 2, 3, and 6. Petitioner therefore has not demonstrated a basis for this Court to amend its ruling to find that Petitioner satisfied § 2254(d) as to Claims 1, 2, and 3, conduct a *de novo* review of those claims, and consider the Traverse Exhibits in connection with such *de novo* review. Petitioner's amended Rule 59(e) motion based on asserted error in excluding the Traverse Exhibits is DENIED.

**B.     Claim 4 – Petitioner's Speculative Arguments**

Petitioner next contends that the Court erred in denying Claim 4 based on the Court's determination that aspects of the claim are speculative. Petitioner argues that the Court cannot deny claims as speculative without first allowing discovery and/or an evidentiary hearing.

8

Petitioner requests that the Court either amend its order to allow for discovery and/or an evidentiary hearing, or amend the order to remove any reliance on a finding that the claims are speculative.

In Claim 4, Petitioner alleges that trial counsel was ineffective for failing to investigate several enumerated factual and legal issues. The claim was denied by the California Supreme Court as untimely. Because the denial was not on the merits, this Court reviewed Claim 4 *de novo*. This Court denied Petitioner's assertions that his trial counsel was ineffective for failing to: (a) investigate A.D.'s school records; (b) investigate the immediacy of the family's planned move to Hawaii; (c) have Petitioner evaluated by a psychologist; (d) investigate or challenge the Child Sexual Abuse Accommodation Syndrome ("CSAAC") report; and (e) investigate the sexual assault examination results. Denial Order at 23, ECF 78. Petitioner challenges the Court's determinations that Petitioner's assertions of prejudice were speculative as to Claims 4(c), (d), and (e), arguing that the Court erred in making those determinations without first allowing discovery and/or an evidentiary hearing.

Petitioner primarily relies on the Advisory Committee Notes to Rule 6 Governing § 2254 Cases, in particular guidance that "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." Rule 6, Rules Governing Section 2254 Cases, Advisory Comm. Note to 1976 adoption. That guidance is unhelpful to Petitioner in this case, as he has *not* shown reason to believe that he may be entitled to relief if the facts were fully developed.

Claim 4(c) asserts that counsel was ineffective for failing to have Petitioner evaluated by a *Stoll*[2] expert. As noted in the Denial Order, California law permits a defendant charged with child molestation to introduce expert opinion testimony that the defendant is not a sexual deviant and is not predisposed to molest children. *See* Denial Order at 25-26, ECF 78. This Court found that

---

[2] *People v. Stoll*, 49 Cal. 3d 1136 (1989).

9

Petitioner had not shown either deficient performance or prejudice arising from counsel's failure to retain a *Stoll* expert. *See id.* at 26. As to prejudice, the Court determined that Petitioner's suggestion that counsel could have found a *Stoll* expert to testify on his behalf was entirely speculative. The Ninth Circuit has held that where the petitioner merely speculates as to what a medical examination might disclose, "[t]his speculation is not sufficient to establish prejudice." *Bible v. Ryan*, 571 F.3d 860, 871 (9th Cir. 2009).

Petitioner suggests that the report of Dr. John Podboy, submitted as Exhibit 48 to his traverse, shows that retention of a *Stoll* expert might have aided the defense, and thus that further factual development was warranted. Petitioner cites to Dr. Podboy's statement that he "[did] not feel that Mr. Skidmore poses a threat to the community at large, and he appears to be an excellent candidate for probation consideration." Dr. Podboy Report at 4, Exh. 48 to Traverse, ECF 57-5. However, Dr. Podboy stated that Petitioner had admitted to multiple instances of sexual abuse of his ten-year-old daughter, including fondling of her breasts and genitals as well as attempted intercourse. *See id.* Dr. Podboy opined that Petitioner had no insight into his sexual attraction to his daughter, which Dr. Podboy referred to as "psychosexual deviancy." *Id.* at 5. Dr. Podboy's report therefore provides no reason to believe that defense counsel could have obtained a *Stoll* expert to opine that Petitioner is not a sexual deviant and is not predisposed to molest children.

None of the authorities cited by Petitioner requires a district court to order further factual development when the record provides no basis to believe that such development could entitle the petitioner to relief. To the contrary, numerous cases hold that speculative allegations do not entitle a petitioner to an evidentiary hearing. *See, e.g., Thomas v. McGrath*, 329 F. App'x 85, 86 (9th Cir. 2009) ("Thomas failed to raise a colorable claim for relief because his allegations were speculative and, even if proven, would not demonstrate prejudice. The district court therefore did not abuse its discretion when it denied Thomas's request for an evidentiary hearing."); *Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995) ("Nor did the district court abuse its discretion in concluding that Jones's bald assertions of ineffective assistance did not entitle him to an evidentiary hearing.").

Claim 4(d) asserts that counsel was ineffective for failing to challenge the CSAAS

1  evidence offered by the prosecution to explain the effects of sexual abuse on children and why a
2  child might not report abuse. The Court found that Petitioner had not shown either deficient
3  performance or prejudice. Denial Order at 26-27, ECF 78. As to prejudice, the Court found
4  Petitioner's assertion that counsel could have found a CSAAS expert to testify for Petitioner to be
5  speculative, and also that if such testimony had been offered it likely would not have altered the trial
6  outcome in light of the substantial evidence of Petitioner's guilt. *Id.* at 27.

Petitioner argues that a 2014 report by psychologist Rahn Minagawa, submitted as Exhibit 51 to his traverse, suggests that retention of a CSAAS expert would have benefitted the defense. Based on his review of the trial transcript, Dr. Minagawa opined that the reasons why the victims initially denied the abuse were so obvious from the record that the prosecution did not need to introduce CSAAS testimony. *See* Minagawa Report ¶¶ 13-14, Exh. 51 to Traverse, ECF 57-5. Dr. Minagawa also criticized the prosecution expert's opinions and stated that defense counsel was ineffective for failing to object to them. *See id.* ¶¶ 17-23. Dr. Minagawa appears qualified in the field of CSAAS, but as Respondent points out, he did not indicate that he would have been willing to testify for Petitioner. Nor did Dr. Minagawa disclose any legal expertise that would qualify him to evaluate whether defense counsel's performance was deficient. The Court therefore concludes that Dr. Minagawa's report does not change the speculative nature of Petitioner's assertion of prejudice stemming from counsel's failure to retain a CSAAS expert. Moreover, as discussed above, the Court found that it was highly unlikely CSAAS evidence would have altered the trial outcome, because the other evidence of Petitioner's guilt was so substantial. Importantly, even Dr. Minagawa conceded that the CSAAS testimony was unnecessary to support the victims' credibility or explain their actions. *See* Minagawa Report ¶ 17, Exh. 51 to Traverse, ECF 57-5. Rebutting superfluous evidence cannot be seen as important to the trial outcome. Accordingly, Dr. Minagawa's report does not support Petitioner's position that discovery or an evidentiary hearing was required before Claim 4(d) could be denied.

Claim 4(e) asserts that counsel was deficient for failing to investigate the victims' sexual assault examination results. Plaintiff contends that if his counsel had hired an expert, the expert would have testified that the absence of physical trauma to the victims' vaginas undermined their

11

claims of abuse. The Court found that Petitioner had not shown either deficient performance or prejudice. Denial Order at 27-28, ECF 78. As to prejudice, the Court found Petitioner's assertion that an expert would have testified in this manner to be purely speculative. *See id.* at 28. Petitioner argues that scientific articles, submitted as Exhibit 56 to his traverse, suggest that Petitioner may have benefitted from further development of the record. The Court disagrees that those articles render Petitioner's claim of prejudice any less speculative. Moreover, the Court concluded that if such testimony had been offered it likely would not have altered the trial outcome, because the jury may well have attributed the lack of trauma to the passage of time between the last episode of abuse and the examination. On this record, no discovery or evidentiary hearing was required before denying the claim.

To summarize, Petitioner has not established that this Court erred in denying his claims without first ordering discovery or an evidentiary hearing. Petitioner also has not shown a basis for amending the order to exclude the Court's determination that certain aspects of the claims were speculative. The amended Rule 59(e) motion on this basis is DENIED.

### C. Trial Counsel's Decisions

Petitioner also asserts that this Court erred by finding that Petitioner's trial counsel made strategic decisions. Petitioner argues that whether counsel's actions represented strategic decisions is a factual question that cannot be answered without further factual development, and he requests that the Court amend its order to allow for discovery and/or an evidentiary hearing. Alternatively, Petitioner asks the Court to amend its order to remove any reliance on factual findings that trial counsel acted strategically.

Petitioner's latter request is well-taken. In evaluating an IAC claim, a district court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689 (1984). "[T]he defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

"Surmounting Strickland's high bar is never an easy task." *Richter*, 562 U.S. at 105 (internal quotation marks and citation omitted). "Even under *de novo* review, the standard for

judging counsel's representation is a most deferential one." *Id.* "Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Id.* The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Id.* (internal quotation marks and citations omitted).

In evaluating Petitioner's numerous IAC claims, under § 2254(d) with respect to Claims 1, 2, and 3, and *de novo* with respect to Claims 4 and 5, this Court determined whether counsel's conduct might be considered sound trial strategy. Consistent with the standards articulated above, this Court concluded that Petitioner had not shown deficient performance because counsel reasonably could have believed that the challenged courses of conduct were appropriate strategies. *See, e.g.,* Denial Order at 17 (counsel's reliance on cross-examination to create reasonable doubt regarding the prosecution's DNA evidence, rather than presenting a defense expert, "may have seemed like the best strategy"); 19 (The California Supreme Court easily could have concluded that trial counsel's decision not to locate and call Ms. Johnson as a witness was well within the scope of his professional judgment."); 22 ("the California Supreme Court could have believed that counsel reasonably determined that an objection to the prior offense would not have been well-taken.").

However, Petitioner identifies four statements in the Denial Order that fairly may be read as going beyond determinations that counsel's actions "might be considered sound trial strategy" to determinations that counsel's actions actually were strategic. *See* Denial Order at 17 ("The fact that counsel did not present the expert's testimony gives rise to a reasonable inference that the defense expert's findings were not helpful to Petitioner, and that counsel made a strategic decision not to present them."); 24 ("counsel's decision not to pursue such a minor and tangential issue appears to be a reasonable, strategic choice rather than an error in judgment"); 26 ("Based on counsel's statements to Petitioner, it appears that the decision not to obtain a Stoll expert was a strategic one."); 26 ("It is apparent from Petitioner's assertion that trial counsel made a strategic decision not to challenge the prosecution's CSAAS expert, Dr. Urquiza.").

"[T]he determination whether counsel's particular action was strategic is a factual question." *Franklin v. Virga*, No. CIV-S-05-0304 KJM P, 2013 WL 1326484, at *10 (E.D. Cal.

13

Mar. 30, 2013) (citing *Wood v. Allen*, 558 U.S. 290, 300-01 (2010)). This Court did not intend to make factual findings regarding the reasons for counsel's actions, but rather to illustrate that on this record counsel's actions might be considered sound trial strategy. A district court need not determine the actual explanation for counsel's actions in order to conclude that the petitioner has failed to show deficient performance, so long as counsel's actions fall within the range of reasonable representation. *See Morris v. State of Cal.*, 966 F.2d 448, 456 (9th Cir. 1991). Accordingly, while the Court remains satisfied that all of Petitioner's IAC claims properly are subject to denial for failure to show deficient performance as well as for failure to show prejudice, the Court will grant Petitioner's request to amend the Denial Order to remove the language indicating that the Court made factual determinations that counsel acted strategically.

At page 17, lines 8-10, the sentences reading "The fact that counsel did not present the expert's testimony gives rise to a reasonable inference that the defense expert's findings were not helpful to Petitioner, and that counsel made a strategic decision not to present them" and "Under those circumstances, counsel's reliance on cross-examination to create reasonable doubt may have seemed like the best strategy" are amended to read "Because counsel did not present the expert's testimony, the California Supreme Court reasonably could have concluded that counsel found the defense expert unhelpful to Petitioner and that counsel's reliance on cross-examination to create reasonable doubt may have seemed like the best strategy."

At page 24, lines 1-3, the sentence reading "Even if obtaining the grades had been possible, counsel's decision not to pursue such a minor and tangential issue appears to be a reasonable, strategic choice rather than an error in judgment" is amended to read "Even if obtaining the grades had been possible, counsel reasonably could have chosen not to pursue such a minor and tangential issue."

At page 26, lines 7-11, the sentence reading "Based on counsel's statements to Petitioner, it appears that the decision not to obtain a *Stoll* expert was a strategic one" is omitted and the sentence immediately following is amended to read "Counsel reasonably could have decided not to pursue a defense that Petitioner is not predisposed to molest children, in light of Petitioner's prior conviction of sexually abusing his former stepdaughter starting when she was only seven or

14

eight years old."

At page 26, lines 27-28, the sentence reading "It is apparent from Petitioner's assertion that trial counsel made a strategic decision not to challenge the prosecution's CSAAS expert, Dr. Urquiza" is amended to read "Trial counsel reasonably could have chosen not to challenge the prosecution's CSAAS expert, Dr. Urquiza."

The Court emphasizes that these amendments do not change the analysis or outcome of its Denial Order, either with respect to the denial of Petitioner's motion for evidentiary hearing or denial of the habeas petition. The sole purpose of the amendments is to clarify the bases for the Court's determination that Petitioner has not shown deficient performance.

As so limited, Petitioner's amended Rule 59(e) motion is GRANTED IN PART.

**D.     Crediting State Appellate Court's Finding**

Petitioner contends that this Court erred in crediting an erroneous factual finding of the California Court of Appeal when reviewing Claim 6. In Claim 6, Petitioner alleges that his sentence of 307 years to life in prison constitutes cruel and unusual punishment in violation of the Eighth Amendment. The claim was raised on direct appeal in a petition for review, and summarily denied by the California Supreme Court. *See* Denial Order at 30, ECF 78. In his federal habeas petition, Petitioner claimed that the denial of Claim 6 involved an unreasonable application of the Supreme Court's decision in *Trop v. Dulles*, 356 U.S. 86 (1958), a claim cognizable under § 2254(d)(1). *See id.* This Court evaluated Petitioner's claim by looking through the California Supreme Court's summary denial to the reasoned decision of the California Court of Appeal. *See id.*

The state appellate decision's recitation of the procedural history included the following information about charges brought against Petitioner based on his conduct while in jail on the sexual offense charges with respect to his stepdaughters J.D. and A.D.:

> While these charges were pending, Skidmore was convicted in case number SCR-471023 on a felony charge of soliciting another to commit an assault by means likely to produce great bodily injury. (§ 653f, subd. (a).) This charge arose when Skidmore, while in jail on the sexual offense charges, arranged for his relatives to pay a former jail inmate to kill the molestation victims' mother, assault their older brother, and bribe the victims to withdraw their allegations. Sentencing was deferred pending the completion of trial on the current charges.

15

*People v. Skidmore*, No. A121339, 2009 WL 2766801, *1 (Cal. Ct. App. Sept. 1, 2009).

Later in the appellate decision, when evaluating Petitioner's Eight Amendment claim, the appellate court stated as follows:

> As to the nature of the offense and offender, Skidmore was convicted of nine felony sexual offenses perpetrated on his own stepdaughters, who were under the age of 14. For years he repeatedly and continuously molested and raped them, despite their pleas for him to stop, while their drunken mother was asleep. He convinced them not to tell anyone for fear they would break up their family. While the charges on this sexual abuse were pending, Skidmore was convicted of soliciting a former inmate to kill their mother, assault their brother, and bribe the young victims to recant.
>
> The gravity of Skidmore's crimes must be assessed in light of his past criminal history and recidivism. (See Solem, supra, 463 U.S. at p. 296 [state is justified in punishing a recidivist more severely than it punishes a first offender]; People v. Cooper (1996) 43 Cal.App.4th 815, 820-825.) Skidmore had a prior molestation conviction for sexually assaulting his preteen stepdaughter in another relationship. Despite the prior conviction, he failed to reform. The nature of his offenses, as well as his recidivism, make him a danger to society.

*People v. Skidmore*, 2009 WL 2766801, *5-6. The California Court of Appeal determined that Petitioner's sentence is not grossly disproportionate to his crimes and recidivism. *See id.* This Court noted that Petitioner had not challenged any particular aspect of the appellate court's reasoning, and concluded that his general assertion that the sentence is excessive and exceeds his life expectancy is without merit. *See* Denial Order at 33.

Petitioner asserts that the California Court of Appeal's statement that he "was convicted of soliciting a former inmate to kill their mother, assault their brother, and bribe the young victims to recant" was erroneous, and that actually he pled no contest only to solicitation to commit an assault against the victims' older brother in violation of California Penal Code § 653f(a). Based on this error, Petitioner now claims for the first time that the California Court of Appeal's decision was based on an unreasonable determination of the facts pursuant to 28 U.S.C. § 2254(d)(2). Respondent correctly points out that a Rule 59(e) motion is not the appropriate vehicle for raising a new habeas claim. As noted above, Petitioner claimed in his amended petition and the briefing thereon that the state court's denial of Claim 6 involved an unreasonable application of clearly established federal law under § 2254(d)(*1*). Petitioner has not previously argued that the state court's denial of Claim 6 was based on an unreasonable determination of the facts under §

16

2254(d)(*2*). This Court cannot consider the argument here, because "a Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Rishor*, 822 F.3d at 492 (internal quotation marks and citation omitted). Petitioner could have challenged the state appellate court's erroneous factual statement in his federal habeas petition, but he did not.

Petitioner contends that this Court erred in "crediting" the California Court of Appeal's erroneous factual determination. As an initial matter, it is not clear that the California Court of Appeal made an erroneous factual determination, as the appellate decision correctly stated that Petitioner was convicted on a felony charge of soliciting another to commit an assault by means likely to commit great bodily injury in violation of California Penal Code § 653f(a). That the appellate court was imprecise in referring to that conviction later in the decision does not compel a conclusion that the state court made an erroneous factual determination.

Moreover, Petitioner has not shown that any confusion regarding the exact nature of Petitioner's conviction arising from solicitation of an assault against the victims' brother affected the state court's decision or this Court's review of the state court decision. The state court referred to the conviction while discussing Petitioner's recidivism in molesting two stepdaughters after previously molesting another stepdaughter. *See People v. Skidmore*, 2009 WL 2766801, *5-6. Nothing in the record suggests that the state appellate court would have reached a different result had it correctly observed that Petitioner's conviction was only for soliciting assault of the victims' brother and not for soliciting murder or bribery. Petitioner has cited no authority suggesting that he is entitled to relief under these circumstances.

Petitioner requests that if the Court declines to amend the judgment to grant relief on Claim 6, the Court amend the Denial Order to remove any reliance on the finding that he solicited murder or bribery. The Court finds it appropriate to clarify the nature of Petitioner's conviction under California Penal Code § 653f(a). At page 33, lines 8-10, the sentence reading "To the contrary, while the sexual abuse charges in the present case were pending, Petitioner was convicted of soliciting a former inmate to kill the victims' mother, assault their brother, and bribe the victims to recant" to read "In addition, the appellate court relied on the fact that while the

17

sexual abuse charges in the present case were pending, Petitioner was convicted on a felony charge of soliciting another to commit an assault by means likely to commit great bodily injury in violation of California Penal Code § 653f(a), arising from his solicitation of an assault against the victims' brother."

As so limited, Petitioner's amended Rule 59(e) motion is GRANTED IN PART.

### E. Denial of Certificate of Appealability

Petitioner contends that this Court erred by denying a certificate of appealability as to: (a) its finding that *de novo* review of Claim 7 did not required *de novo* review of all claims; (b) denial of Claims 1, 2, 3, and 6; (c) denial of Claim 4; and (d) denial of discovery and/or an evidentiary hearing. The Court denied a certificate of appealability based on its conclusion that Petitioner had neither made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), nor demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner argues that a certificate of appealability is warranted with respect to Claim 7, asserting cumulative error, because Petitioner's argument that *de novo* review of Claim 7 required *de novo* review of all underlying claims presents a novel question upon which reasonable jurists could differ. Petitioner argues that a certificate of appealability is warranted with respect to the remaining claims based errors in this Court's analysis.

Petitioner's arguments do not demonstrate that reconsideration is warranted. Petitioner has not cited authority for the proposition that presentation of a novel theory necessarily means that reasonable jurists would differ on its validity. Absent some authority supporting Petitioner's assertion that *de novo* review of a cumulative error claim entitles a petitioner to *de novo* review of all underlying claims, even those denied on the merits by the California Supreme Court, this Court finds no basis to issue a certificate of appealability. With respect to the other asserted errors in the Denial Order, this Court concludes that the errors acknowledged and corrected herein did not affect its analysis or conclusions, and therefore do not warrant a certificate of appealability.

Accordingly, Petitioner's amended Rule 59(e) motion is DENIED insofar as he requests a certificate of appealability.

**F.      Statement that Petitioner Submitted an Unsigned Declaration**

Finally, Petitioner requests that the Court amend its order to omit language indicating that Petitioner submitted only an unsigned declaration in support of his traverse. The Court observed in the Denial Order that Petitioner's declaration submitted with his traverse was unsigned and undated, but it considered the declaration on the assumption that a properly signed and declaration could be submitted. *See* Denial Order at 24. In his amended Rule 59(e) motion, Petitioner points out that Petitioner submitted a signed and dated copy of his declaration approximately one week after submitting his traverse. *See* ECF 59.

As noted, the Court expressly considered Petitioner's unsigned declaration submitted with his traverse, and therefore its failure to acknowledge Petitioner's later filing of a signed and dated copy of the declaration did not affect the analysis of Petitioner's claims. Respondent suggests that the Court may have declined to consider the signed declaration on the basis that it was filed after the traverse without leave of the Court for the untimely filing. Respondent argues that under these circumstances, the Court at most committed a "scrivener's error" that does not warrant altering or amending the judgment under Rule 59(e). The Court agrees with Petitioner that the order should reflect that Petitioner did submit a signed and dated declaration.

At page 24, lines 24-27, the sentence reading "Petitioner submits his declaration, which is unsigned and undated, but which appears to have been prepared in 2018 according to Petitioner's traverse exhibit list" is amended to read "Petitioner submitted an unsigned and undated declaration with his traverse on January 10, 2018." The sentence reading "The Court considers it on the assumption that a properly signed and dated declaration could be submitted" is amended to read "Petitioner subsequently submitted a properly signed and dated declaration which was filed on January 19, 2018 and considered by the Court."

As so limited, the amended Rule 59(e) motion is GRANTED IN PART.

**G.      Conclusion**

Petitioner's counsel has represented Petitioner zealously throughout the federal habeas proceedings in this Court and he has marshalled numerous cogent arguments in support of the amended Rule 59(e) motion. The Court appreciates the opportunity to correct the errors identified

19

herein and will issue an amended Denial Order in conjunction with the present order. Those errors did not affect this Court's substantive analysis or conclusions, however, and thus they do not entitle Petitioner to relief from the judgment in favor of Respondent. The Court remains of the view that Petitioner has not demonstrated entitlement to relief on any of his claims, an evidentiary hearing, or a certificate of appealability.

## IV. ORDER

(1) Petitioner's amended Rule 59(e) motion is GRANTED IN PART to correct errors in the Court's order denying his amended petition for writ of habeas corpus and motion for an evidentiary hearing. An amended order will issue concurrently with the present order, correcting the errors identified herein.

(2) Petitioner's amended Rule 59(e) motion otherwise is DENIED.

(3) This order terminates ECF 98.

Dated: January 9, 2020

_____
BETH LABSON FREEMAN
United States District Judge